PER CURIAM.
Joseph R. Berrios appeals the denial of his motion for postconviction relief. We reverse.
Berrios alleges that he pleaded guilty to attempted capital sexual battery and received eight years in prison to be followed by ten years’ probation. Berrios further alleges that no sentencing guidelines scoresheet was furnished either to him or the trial court at the time of the plea, that it was filed after the sentencing hearing, and that it was calculated incorrectly. Berrios also alleges that once the scoresheet was filed, it reflected that he was sentenced to a departure sentence without written reasons.
The trial court’s order offers no basis for its denial of the motion. The order attached a copy of an assistant state attorney’s reply to the motion. However, the trial court never adopted the state’s reply as the reason for its denial of the motion. Further, the attachment to the state’s reply, one page of the plea transcript, is insufficient to support the state’s position that the sentence was the result of a plea bargain. See Blanks v. State, 662 So.2d 730 (Fla. 2d DCA 1995).
Accordingly, we must reverse the order denying the motion for postconviction relief. On remand, if the court again concludes that summary denial is proper, it must attach to its order those portions of the case file and record which demonstrate that Berrios is entitled to no relief; otherwise, the court must conduct an evidentiary hearing to determine the merits of Berrios’ claims.
Reversed and remanded.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.